■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD VACCARO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 13, 1976, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, J. P., Shapiro and Hawkins, JJ., concur; Suozzi, J., dissents and votes to modify the judgment by reducing defendant's conviction of criminal possession of a weapon in the second degree, a felony, to a conviction of criminal possession of a weapon in the fourth degree, a misdemeanor, and by remanding the case to the Criminal Term for resentencing thereon, with the following memorandum: Defendant-appellant was indicted for several crimes, including criminal possession of a weapon in the second degree, a felony, and criminal possession of a weapon in the fourth degree, a misdemeanor, arising out of the shooting and wounding of a police officer with a .25 caliber automatic pistol in the early morning hours of January 23, 1975. With respect to the felony count of criminal possession in the second degree, the indictment charged defendant, in the language of the Penal Law, with possession of a "loaded firearm", i.e., a loaded .25 caliber automatic pistol, with the intent to use it unlawfully (see Penal Law, § 265.03). With respect to the misdemeanor count of criminal possession in the fourth degree, the indictment charged defendant, in the language of the Penal Law, with possessing a "deadly weapon", i.e., a loaded .25 caliber automatic pistol, with the intent to use it unlawfully (see Penal Law, § 265.01). During the course of the trial, the prosecution introduced sufficient evidence to establish that defendant had in fact used a .25

caliber automatic pistol against the officer. Prior to the submission of the case to the jury, the trial court dismissed the misdemeanor count of criminal possession of a weapon in the fourth degree, but submitted to the jury the felony count in criminal possession in the second degree, as well as one count of assault in the second degree. Defendant was found guilty of both of those counts. Since there was ample proof that defendant had used a .25 caliber automatic pistol, it is clear that the trial court did not dismiss the misdemeanor count of criminal possession of a weapon due to any failure of proof by the People. Instead the trial court's action was obviously based upon its assumption that, under the facts herein, the crime of criminal possession of a weapon in the fourth degree, for which defendant was charged, was a lesser included crime of criminal possession of a weapon in the second degree. Operating upon this assumption, and upon the fact that there was no reasonable view of the evidence which would support a finding that defendant committed the lesser included offense but did not commit the greater, the trial court did not submit the lesser offense to the jury (see CPL 300.50). I would have no hesitancy in joining the majority in affirming the judgment and approving the trial court's dismissal of the misdemeanor count of criminal possession of a weapon in the fourth degree if I were convinced that the latter crime, as charged in the indictment, was indeed a lesser included offense of criminal possession of a weapon in the second degree, as charged in the indictment. However, my scrutiny of the relevant statutes and definitions indicates that the two degrees of possession of a weapon charged in the indictment, despite being classified differently in terms of severity of punishment (felony as opposed to misdemeanor), are exactly the same. The term "loaded firearm" used in the statutory language of criminal possession of a weapon in the second degree, a felony, is defined as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law, § 265.00, subd 15). The term "Deadly weapon", used in the statutory language of criminal possession of a weapon in the fourth degree, a misdemeanor, is defined as "any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged" (see Penal Law, § 10.00, subd 12). From these definitions it is clear that the Legislature, by careless draftsmanship, has created the anomalous situation whereby two disparate classifications and punishments (i.e, felony and misdemeanor) have been provided for exactly the same act, i.e., possessing a loaded .25 caliber pistol with intent to use it unlawfully against another. Under these circumstances defendant should not bear the burden of determining the true intent of the legislature in drafting these two provisions of the Penal Law. The conviction should be modified accordingly and defendant should be resentenced for criminal possession of a weapon in the fourth degree, a misdemeanor. The Legislature should address itself to remedying this incongruous situation immediately. Accordingly, I dissent and vote to modify the judgment.